**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MEHDI LAALI | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 4:12-CV-432 |
| | § | |
| INDYMAC MORTGAGE SERVICES, A | § | |
| DIVISION OF ONE WEST BANK, F.N.B., | § | |
| INDYMAC FEDERAL, FSB, FEDERAL | § | |
| DEPOSIT INSURANCE CORPORATION, | § | |
| and HOME LOAN MORTGAGE | § | |
| | § | |
| *Defendants.* | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §

636.  He filed a detailed report twenty-seven pages in length, recommending that Defendant's

Motion for Summary Judgment [Doc. # 35] be granted.  Plaintiff filed his objections to the report

and recommendation [Doc. #38]. After a careful review of the record, the recommendation, and

the objections, this court overrules the objections.

Defendant's response correctly points out that filing objections does not entitle Plaintiff

to reopen summary judgment evidence and present new arguments that were not included in

Plaintiff's response briefs.  "[A] party who objects to the magistrate judge's report waives legal

arguments not made in the first instance before the magistrate judge." *Freeman v. County of*

*Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) (citing *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir.

1994)).  "Litigants may not…use the magistrate judge as a mere sounding-board for the

sufficiency of the evidence." *Freeman*, 142 F.3d at 852.  The court will not consider Plaintiff's legal arguments raised for the first time in his objections.

Throughout his objections, Plaintiff asserts that his inability to produce evidence supporting essential elements of his claims cannot be the basis for summary judgment.  Yet this is exactly the purpose of summary judgment: to isolate and dispose of factually unsupported claims or defenses.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  The Magistrate Judge correctly applied the law governing summary judgment motions.  If the nonmovant, the plaintiff in this case, bears the burden of proof, then the movant may discharge its summary judgment burden by showing that there is an absence of evidence to support the nonmovant's case.  *Id*. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).  Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial," and adducing affirmative evidence.  *Byers*, 209 F.3d at 424 (citation omitted); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 257 (1986).  Thus, once a defendant demonstrates that there is an absence of evidence support an element or claim, then the burden shifts to the plaintiff to set forth particular facts and adducing affirmative evidence indicating a genuine issue for trial.  Contrary to Plaintiff's assertions, this is a sufficient and proper basis for granting summary judgment.

Plaintiff objects to the Magistrate Judge's finding that "OneWest began servicing Plaintiff's loan on or about March 19, 2009" [Doc. #38 at 1].  Specifically, Plaintiff contends that the Magistrate Judge sustained his objection that Defendant failed to establish the exact date it began servicing the loan.  Plaintiff argues that because the Magistrate Judge found that the exact date was not established, then the Magistrate Judge could not conclude that Defendant began

servicing the loan on March 19, 2009.  The Magistrate Judge found that although the exact date defendant began servicing the loan was not established, Defendant began servicing the loan "on or about" March 19, 2009.  This finding is consistent with Plaintiff's summary judgment response showing correspondence with Defendant's employee regarding servicing the loan in March of 2009 [Doc. #33 at ¶ 27].  Further, Plaintiff's fraud claim is dependent on certain misrepresentations allegedly made in March of 2009 in connection with the servicing of the loan.  Plaintiff's objection is overruled.

Plaintiff objects to the finding that his claim for violation of the Fair Debt Collection Practices Act ("FDCPA") was barred by the statute of limitations.  The Magistrate Judge found that Plaintiff "made no allegation in his complaint that Defendant continues to claim fees and unexpected costs."  Plaintiff contends that he did allege that Defendant "continued to bill LAALI for amounts in excess of that which LAALI was required to pay pursuant to the terms of the Modification Agreement" [Doc. #38 at 2 (citing Doc. #9 at 12-13, ¶ 38)].  First, Plaintiff's summary judgment response does not refer to his complaint nor provide any supporting evidence for this contention.  Further, the court finds that this statement in the complaint appears to refer to the continued billing of fees and unexpected costs until January of 2010, and fails to make reference to any future billing within the relevant statute of limitations period, which is July 2, 2011 through July 2, 2012.  Plaintiff's objection lacks merit and is overruled.

Plaintiff objects to the Magistrate Judge's finding that Plaintiff's FDCPA claims fail for the additional reason that there is no evidence that Defendant falsely represented the status of the debt, threatened to take actions that could not legally have been taken, or made false representations regarding its standing to foreclose [Doc. #38 at 3].  Plaintiff objects stating that he provided evidence that Defendants falsely represented the status of the debt by doing the

following: (1) representing the debt was in default when it was not; (2) charging late fees after Plaintiff made the payment defendant instructed him to make; (3) attempted to foreclose Plaintiff's residence based on the fabricated default; and (4) continued to represent that Plaintiff's loan was in default [Doc. #38 at 3]. This argument is a new argument, was not before the Magistrate Judge for his consideration, and is improperly brought now in the form of an objection. As discussed above, the court will not consider new arguments that were not before the Magistrate Judge. Further, because this argument is new and not addressed at summary judgment, there is no evidence that Defendants falsely represented the status of the debt at all.

The simple fact is that Plaintiff defaulted on his loan and later was granted a modification. The modification agreement lowered his interest rate and set a fixed amount for interest and principal. The escrow amounts provided to Plaintiff on the modification agreement cover sheet were only estimates, and the principal and interest amount never changed. After Plaintiff failed to pay his property taxes, the escrow amount increased and Plaintiff again defaulted under the terms of the modifications. Unlike many plaintiffs before the court, this plaintiff got a second chance. It appears, however, that Plaintiff simply wanted a different deal from defendant. Plaintiff's objection is without merit and is overruled.

Plaintiff objects to the Magistrate Judge's ruling that Plaintiff failed to respond to Defendant's argument that Plaintiff's claims under the Texas Debt Collection Act ("TDCA") were barred by the applicable statute of limitations. Plaintiff now contends that his argument and evidence for this claim "dovetails" with his argument and evidence in support of his claim under the FDCPA [Doc. #38 at 4]. Plaintiff apparently was hoping that though he provided no argument or evidence in support of his TDCA claims, the Magistrate Judge would be able to read his mind and interpret plaintiff's argument regarding limitations based on arguments made

elsewhere in his briefing. In evaluating an objection, it is not the Magistrate Judge's job to scrutinize the entire record searching for arguments made in connection with other objections that might pertain to the one under consideration. Rather, it is Plaintiff's responsibility to respond to arguments and present evidence on each contention set forth in defendant's summary judgment motion to avoid summary judgment.  Plaintiff's objection lacks merit and is overruled.

Plaintiff objects to the Magistrate Judge's finding that there is no evidence that Defendant violated the TDCA because (1) the Magistrate Judge's inability to find evidence supporting that late fees were improperly charged is a fact issue which bars the entry of summary judgment, and (2) defendant misrepresented the character of the loan [Doc. #38 at 5].  Plaintiff's objections suggest that defendant violated the TDCA by instructing plaintiff to make payments in accordance with the loan modification and cover sheet, and that after making those payments defendant began charging late fees without justification.  This argument is a new argument not considered by the Magistrate Judge, and the court will not consider it now.  Plaintiff's only argument on this claim before the Magistrate Judge was that Defendant refused to provide discovery responses that would give him sufficient information to prove his claim [Doc. #33 at ¶ 36-37].  The Magistrate Judge rejected this argument finding that Plaintiff was dilatory in raising discovery disputes in a response to a motion for summary judgment [Doc. #35 at 17-18].  The court agrees.  Raising discovery issues for the first time in a response to a motion for summary judgment is not proper.  Plaintiff failed to provide any evidence of a specific charge or fee that violated the TDCA, and the Magistrate Judge was correct in dismissing this claim.  The objections are overruled.

Plaintiff objects to the Magistrate Judge's dismissal of his claim under the Texas Deceptive Trade Practices Act ("DTPA"), under which he asserted that his claims arise out of

Defendant's allegedly deceptive acts related to the transaction and not out of the loan itself.  The law is well settled in this area and there is no claim for a violation of the DTPA on this basis. Further, even if the transaction at issue was not a loan, plaintiff has provided no evidence that there are any other goods or services at issue.  Plaintiff's objection lacks merit and is overruled.

Plaintiff objects to the finding of the Magistrate Judge that Plaintiff failed to offer evidence that any representation made to him was false, that Defendant knew of the falsity of any of the representations complained of by Plaintiff, that Defendant intended at the time of the alleged misrepresentations to cause Plaintiff to default on his loan, Plaintiff relied on Defendant's representations at the time of the modification, and that Plaintiff's reliance was justifiable [Doc. #38 at 6].  Plaintiff contends that he provided evidence in the form of an email sent from Defendant's employee indicating that Plaintiff made the payment set forth in the loan modification and cover sheet, rather than the amounts set forth in the invoices.  *Id*.  Plaintiff also argues that an alternate element to a Defendant having knowledge that a representation was false, is that the representation was made recklessly, as a positive assertion, and without knowledge of its truth. *Id*.

Also contained in the email chain referred to by Plaintiff is additional correspondence by the same employee explaining the discrepancy between the cover sheet escrow estimate and the actual escrow charges, which resulted in increased escrow costs on the monthly mortgage statement. This is not evidence that any representation made by Defendant was false.  Further, although Plaintiff now contends that some representations were made recklessly and without knowledge of the truth, there is no evidence of this contention either.  Plaintiff's objection is overruled.

Plaintiff objects to the finding of the Magistrate Judge that Plaintiff offered no evidence that Defendant intended for Plaintiff to default on his loan.  Plaintiff contends that he need only provide a scintilla of evidence that Defendant intended Plaintiff to rely on the misrepresentation. This is another argument that was not before the Magistrate Judge, and the court will not consider it now.  Further, Plaintiff's evidence purporting to show that Defendant intended for Plaintiff to rely on the misrepresentation, actually says nothing about Defendant's intent at all and mischaracterizes the evidence.  Plaintiff's objection lacks merit and is overruled.

Plaintiff objects to the Magistrate Judge's finding that there was no evidence that Plaintiff's reliance on the alleged misrepresentations was justifiable.  Plaintiff contends that there is no evidence to show that Plaintiff's reliance was not justified.  However, the burden was on Defendant only  to demonstrate an absence of evidence supporting a particular claim. Once Defendant met that burden plaintiff was required to to show that there is evidence that raises a genuine issue for trial. This plaintiff did not and cannot do. Plaintiff's objection is overruled.

Plaintiff objects to the Magistrate Judge's finding that there is no evidence that Defendant loaned money to Plaintiff within the meaning of the Texas Finance Code.  Plaintiff contends that there is no dispute that Defendant owns the loan, and because the entities that actually loaned Plaintiff the money are no longer in existence, he should be able to pursue Defendant.  Plaintiff's argument completely misses the point.  As the Magistrate Judge stated, to establish a claim for usury, Plaintiff must prove (1) Defendant loaned money to Plaintiff, (2) Plaintiff had an absolute obligation to repay the principal, and (3) Defendant contracted for, charged, or received interest that exceeded the maximum amount allowed by law.  TEX. FIN. CODE §§ 301.002(a)(3) and 349.002.  In this case there is  no indication that defendant OneWest loaned money to Plaintiff. OneWest is the servicer of the loan and did not originate either the loan or modification

agreement.  There is no evidence that Defendant loaned money to Plaintiff within the meaning of the Texas Finance Code.  Plaintiff's objection is overruled.

Plaintiff also argues that Defendant owns the loan and, therefore, is liable for usury.  This is a new argument, which was not properly before the Magistrate Judge, and the court will not consider it now.  Further, defendant does not own plaintiff's note.  Defendant OneWest services the note, and the owner of the note is Federal Home Loan Mortgage Corporation ("Freddie Mac"), as Defendant's discovery revealed.  Therefore, Plaintiff's argument that Defendant is liable for usury because it owns plaintiff's loan fails, and Plaintiff's objection is overruled.

Plaintiff also objects to the finding of the Magistrate Judge that Plaintiff failed to show evidence that the interest charged by Defendant exceeded the maximum rate allowed by law.  Plaintiff argues that "charging late fees (which are interest as explained below) when there is no basis for charging late fees is double the amount of interest allowable under the Texas Finance Code" [Doc. #38 at 9].  According to plaintiff, since no late fees should have been charged, any late fees charged were more than two times the amount allowed [Doc. #38 at 11].  Plaintiff also objects to the Magistrate Judge's finding that late fees cannot be usurious, because Plaintiff contends the late fee was compensation for the detention of money [Doc. #38 at 10].  Plaintiff must show that Defendant contracted for, charged, or received interest that exceeded the maximum amount allowed by law.  Tex. Fin. Code §§ 301.002(a)(3), 349.002.  Usury is applicable only to overcharges for the use, forbearance, or detention of the lender's money.  *Sunwest Bank of El Paso v. Gutierrez*, 819 S.W.2d 673, 74-75 (Tex. App. – El Paso 1991, no writ) (citation omitted).  Late fees are permitted by the note itself.  Further, even if Defendant charged in excess of what was allowed under the note and loan modification, which Plaintiff cannot prove, then Plaintiff must also show that such amounts were in excess of the maximum

interest permitted by law.  TEX. FIN. CODE §§ 301.002(a)(3).  Plaintiff never specifies the amount of interest allowed by law, nor does Plaintiff state the amount that was charged by defendant. This is insufficient to survive a motion for summary judgment.  Plaintiff's objection is overruled.

Plaintiff objects to the finding of the Magistrate Judge that Plaintiff cannot claim a breach of contract when Plaintiff was the party in breach [Doc. #38 at 10].  Plaintiff contends that the Magistrate Judge should have found that (1) a fact issue remained as to whether Plaintiff's escrow changed after he failed to pay his taxes, and (2) defendant failed to produce any evidence of plaintiff's prior breach.  *Id*.  The Magistrate Judge found that Plaintiff was required by the note, deed of trust, and loan modification agreement to pay his mortgage payments in full when they became due [Doc. #35 at 25-26].  The Magistrate Judge also found that the escrow payment amount contained on the cover sheet was merely an estimate, and when Plaintiff failed to make this payment in full, Plaintiff was in breach of the contract.  *Id*.  The fact remains that Plaintiff defaulted on his loan, and then defaulted again on his modification agreement.  The court agrees with the findings of the Magistrate Judge that the escrow payment amount was merely an estimate and subject to change when Plaintiff failed to pay his property taxes.  Plaintiff was in breach of the contract, and his breach cannot be excused.  Plaintiff's objection is overruled.

Plaintiff also objects to the Magistrate Judge's failure to find that the modification agreement included the cover sheet [Doc. #38 at 11].  Plaintiff asserts that if the cover sheet was not part of the modification agreement, then Plaintiff would have no obligation to pay Defendant any escrow charges at all.  *Id*.  This is a new argument, which was not before the Magistrate Judge, and the court will not consider it now.  Further, this argument ignores the fact that the modification agreement modified the original note and deed of trust only to the extent to the

extent specifically stated.   All other requirements of the note and deed of trust, including the requirement to pay actual escrow charges, expressly remained in effect [Doc. #28 at Ex. 2-C].

Plaintiff includes a paragraph in his objections discussing his observation that the findings of the Magistrate Judge in the report and recommendation are inconsistent.   Plaintiff contends that

> First, the Report finds that Plaintiff's claim for Defendant's violation of the Texas Deceptive Trade Practice Act should be dismissed because 'a person whose objective is merely to borrow money is not a consumer, because the lending of money does not involve either the purchase or lease of a good or service… In the present case, it is undisputed that Plaintiff's claims arise out of a loan…' and then finds that 'there is no evidence that Defendant loaned money to Plaintiff within the meaning of the Texas Finance Code.'

[Doc. #38 at 11].   This is not an objection, and does not create a genuine issue of material fact for trial.   As clearly found by the Magistrate Judge, there is no claim under the DTPA based on the lending of money to a consumer.   There are no other goods or services at issue in this case, and, thus, the only possible basis for asserting a violation of the DTPA is the loan transaction at issue here.   In addition, there is no evidence that defendant OneWest was the party that loaned the money to Plaintiff under the meaning of the applicable usury laws.   Again, Defendant is the servicer of the loan, not the lender or owner.   These findings are not inconsistent, and, in fact, complement each other.   To the extent that this is an objection, it is overruled.

Finally, Plaintiff asserts that the Magistrate Judge found that Plaintiff cannot demonstrate that he was not in breach if his monthly payments never included the full escrow amount due on the loan.   Plaintiff contends that a fact issue remains as to whether the amount charged by Defendant for escrow was correct.   If the amounts were not correct, Plaintiff asserts that Defendant was in breach prior to any breach by Plaintiff.   The court has already rejected this argument.   The Magistrate Judge was correct in finding that Plaintiff failed to present any

evidence that escrowing property taxes and the increase in the escrow amounts violated the note, deed of trust, or the loan modification agreement.  Plaintiff was charged the agreed-upon principal and interest, and the modification agreement did not alter his obligation to pay escrow amounts, which were always subject to change.  To the extent that this is an objection, it is overruled.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law.  After careful consideration, the court concludes Plaintiff's objections are without merit and are, therefore, overruled.

It is therefore **ORDERED** that: the Report and Recommendation of United States Magistrate Judge [Doc. #35] is hereby adopted; Defendant's Motion for Summary Judgment [Doc. #28] is **GRANTED**; and plaintiff's claims against defendant IndyMac Mortgage Services, a Division of OneWest Bank, FSB are **DISMISSED** with prejudice.  Costs taxed to Plaintiff.

On August 23, 2012, summons issued as to defendants Federal Deposit Insurance Corporation, Federal Home Loan Mortgage Corporation, and IndyMac Federal FSB [Doc. #13, #14, #15].  On September 5, 2012, service was returned executed [Doc. #16, #17, #18].  These three defendants did not appear or answer in this matter, and plaintiff pursued no relief against these defendants.  It is therefore **ORDERED** that plaintiff's claims against these three defendants are **DISMISSED** without prejudice.  All relief not previously granted is hereby **DENIED**.  The clerk is directed to **CLOSE** this civil action.

So **ORDERED** and **SIGNED** this **15** day of **August, 2013.**

_____

Ron Clark, United States District Judge